# ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, L. L. C.

## ATTORNEYS AT LAW

| MEMBERS OF FIRM | P. O. BOX 2065 (70602-2065) | ASSOCIATES |
|---|---|---|
| N. CRAIG RICHARDSON | 1777 RYAN STREET | MARGARET A. SABADIE |
| JARED L. WATSON | LAKE CHARLES, LA 70601 | MATTHEW B. PETTAWAY |
| MATTHEW M. MIZE | TELEPHONE: (337) 433-0234 | CATHERINE C. FASTABEND |
| LANDON R. G. ROBERTS | FACSIMILE: (337) 433-8595 | TRISTAN G. GRUSPIER |
| W. JOSEPH MIZE | WWW.NCRLEGAL.COM | |
| (1950-2021) | | |

OF COUNSEL
JOHN F. ROBICHAUX
JOHN F. WADSACK

February 9, 2022

**VIA FACSIMILE: (855)-657-3534**
New York Marine & General Insurance Company
ProSight Specialty Insurance
Mr. Scott Jennie
412 Mt. Kemble Ave., Suite 300 C
Morristown, NJ   07960

|  | RE: | Our Client: | Glennia Johnson |
|---|---|---|---|
| | | Your Insured: | Bayway Auto Group, Inc. |
| | | Insured Driver: | Franco Seth Alejandro |
| | | Claim No.: | EWR00217388 |
| | | Date of Loss: | 09/16/21 |

Dear Scott:

Attached is a copy of the Petition for Damages filed this date against Wisch Motors Inc. d/b/a Bayshore Chrysler Jeep Dodge, New York Marine and General Insurance Company and Franco Seth Alejandro.

With kindest regards, I am

Sincerely yours,

N. CRAIG RICHARDSON

NCR/hrm
Attachment

EXHIBIT "A"

GLENNIA TATYANA MARIE
JOHNSON

VS. NO. 2022-502 F

WISCH MOTORS INC. D/B/A
BAYSHORE CHRYSLER JEEP
DODGE, NEW YORK MARINE
AND GENERAL INSURANCE
COMPANY, and FRANCO SETH
ALEJANDRO  FEB 0 9 2022

FILED:_____

14TH JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

_Jempest Wyatt_

**DEPUTY CLERK**

## PETITION FOR DAMAGES

The petition of **GLENNIA TATYANA MARIE JOHNSON** (hereinafter referred to as "Glennia"), a person of the full age of majority, domiciled in Calcasieu Parish, Louisiana, respectfully represents that:

1.

Made defendants herein are:

a) **WISCH MOTORS INC. D/B/A BAYSHORE CHRYSLER JEEP DODGE** (hereinafter referred to as "Wisch Motors"), a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served via the Louisiana Long Arm Statute through its President/CEO, Darryl L. Wischnewsky, at 5225 East Fwy Ste 10E, Baytown, TX 77521;

b) **NEW YORK MARINE AND GENERAL INSURANCE COMPANY** (hereinafter referred to as "New York Marine"), a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809; and

c) **FRANCO SETH ALEJANDRO** (hereinafter referred to as "Alejandro"), a person of the full age of majority domiciled in the County of Harris, State of Texas, who may be served via the Louisiana Long Arm Statute at 4534 Castleview Drive, Baytown, TX 77521;

any one or all of whom are herein made liable unto Plaintiff for damages as are reasonable in the premises for the reasons set forth below.

2.

This is an action resulting from a motor vehicle collision and the loss occurred in Calcasieu Parish, Louisiana. Venue is proper in the 14th Judicial District Court pursuant to Louisiana Code of Civil Procedure Article 76.

3.

The collision in question occurred on September 16, 2021 on Golden Nugget Boulevard/Avenue Lauberge in Calcasieu Parish, Louisiana.

4.

At the time of the collision, Plaintiff, Glennia, was the owner and operator of a 2017 Chevrolet Malibu, and was traveling in the right lane on Golden Nugget Boulevard/Avenue Lauberge in Calcasieu Parish, Louisiana.

5.

At the time of the accident, Defendant, Alejandro, was acting in the course and scope of his employment with Defendant, Wisch Motors, and was the operator with permission of a Dodge Charger, which was, upon information and belief, owned by Defendant, Wisch Motors, and was traveling in the right lane on Golden Nugget Boulevard/Avenue Lauberge in Calcasieu Parish, Louisiana in front of the vehicle being driven by Plaintiff, Glennia.

6.

At all times mentioned herein, defendant, New York Marine, had in full force and effect a policy of automobile liability insurance insuring Defendants, Alejandro and Wisch Motors, for the liability asserted herein, and as such is liable in law for all damages sought herein.

7.

Plaintiff, Glennia, was proceeding in the right lane behind Defendant, Alejandro. Defendant, Alejandro, then stopped his vehicle in the right lane and Plaintiff stopped her vehicle behind him. When defendant, Alejandro, remained stopped in the right lane of travel, Plaintiff, Glennia, merged her vehicle into the left lane and began passing Defendant, Alejandro's stopped vehicle, when, suddenly and without warning, Defendant, Alejandro, attempted to make an illegal U-turn in the middle of the street and drove his vehicle into the vehicle being driven by Plaintiff, Glennia, causing a collision.

8.

Defendant, Alejandro, was at fault as described above, and his fault was the legal and proximate cause of both the occurrence of the collision and the personal injury damages sustained by Plaintiff, Glennia. Defendant, Alejandro, is liable for his negligence in failing to act as a reasonable and prudent driver would have under the same or similar circumstances. Defendant, Alejandro, had a duty to exercise ordinary care and operate his vehicle in a reasonable and prudent manner. Specifically, Defendant, Alejandro, breached this duty in one or more of the following ways:

a) Driving generally in a reckless and careless manner;

b) Running his vehicle into the path of another;

c) Driving his vehicle in violation of the motor vehicular laws of the State of Louisiana;

d) Failing to keep his vehicle under proper control;

e) Failing to see what he should have seen and to do what he should have done;

f) Failing to keep a proper lookout;

g) Operating his vehicle in an inattentive and distracted manner;

h) Failing to use reasonable care and caution;

i) Failing to do what any prudent driver would have done under the circumstances;

j) Failing to notice the imminence of a crash and taking necessary steps to avoid same; and

k) Any other acts of negligence which may be found during discovery proceedings and which may be proven at a trial of this cause.

9.

Upon information and belief, Defendant, Wisch Motors, is liable under the doctrine of *respondeat superior* for the actions of its employee, Defendant, Alejandro, who was employed by Wisch Motors at the time of the collision and was "on the job" conducting duties and was acting within the course and scope of his employment at the time of the collision.

10.

In addition, and in the alternative, upon information and belief, Defendant, Wisch Motors, is liable unto Plaintiff for one or more of the following acts and/or omissions:

a) Negligently screening potential employees and/or negligently hiring employees, including Defendant, Alejandro;

b) Negligently entrusting employee Defendant, Alejandro, with the use of a vehicle;

c) Negligently training its employee, Defendant, Alejandro, on the safe operation of motor vehicles used in his employment;

d) Negligent supervision of employee Defendant, Alejandro, on the safe operation of motor vehicles used in his employment; and

e) Any other acts of negligence which may be found during discovery proceedings and/or which may be proven at a trial of this cause.

11.

As a result of the said crash, Plaintiff, Glennia, received the following injuries:

a) Injury to her right knee;

b)     Neck pain;

c)     Back pain;

d)     Muscle spasm;

e)     Injury to her arm;

f)     Headaches;

g)     The usual bumps, bruises, and contusions resulting from an incident of this type.

12.

As a result of the subject collision, Plaintiff, Glennia, has suffered and is entitled to recover reasonable sums for the following items of damages:

a)   Past, present, and future medical expenses;

b)   Past, present, and future physical pain and suffering;

c)   Past, present, and future mental anguish, pain, and inconvenience;

d)   Past, present, and future loss of enjoyment of life;

e)   Past, present, and future loss of earnings and/or earning capacity; and

f)   Loss of household services.

13.

At this time, Plaintiff's damages are legally sufficient to warrant a jury trial and are sufficient for federal court diversity jurisdiction.

14.

Plaintiff desires and is entitled to have the attached Requests for Admissions, Interrogatories, and Requests for Production of Documents be made a part hereof, filed of record and served upon Defendants simultaneously with this Petition for Damages, with Defendants ordered to produce the information and documents within the time delays provided by law.

**WHEREFORE**, the premises considered, Plaintiff, Glennia Tatyana Marie Johnson, prays that:

I.      Defendants, Wisch Motors Inc., d/b/a Bayshore Chrysler Jeep Dodge, New York Marine and General Insurance Company, and Franco Seth Alejandro, be duly served with a copy of this petition and cited to appear and answer same;

II.     After the lapse of all legal delays and after due proceedings are had, there be judgment in favor of Plaintiff and against Defendants, jointly and in solido, for such sums as may be reasonable under the circumstances of this case, together with legal

interest thereon from the date of judicial demand, until paid, and all costs of these proceedings;

III.    The attached Requests for Admission, Interrogatories, and Requests for Production of Documents be made apart hereof, filed of record, and served upon Defendants simultaneously with the Petition for Damages, and that each Defendant be ordered to produce the information and documents requested therein with the time delays provided by law; and

IV.    Plaintiff be granted all further and different relief as the facts, law, and equity of this case require.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK, RICHARDSON & WATSON, L.L.C.**

By:    _____

N. CRAIG RICHARDSON, Bar Roll #23274
P. O. Box 2065
Lake Charles, Louisiana 70602-2065
Telephone: (337) 433-0234
Facsimile: (337) 433-8595
ncr@rmwlegal.com
mel@rmwlegal.com

**PLEASE SERVE THE IDENTIFIED DEFENDANTS AS OUTLINED IN PARAGRAPH ONE.**

GLENNIA TATYANA MARIE
JOHNSON

VS. NO. 2022- 502 f

WISCH MOTORS INC. D/B/A
BAYSHORE CHRYSLER JEEP
DODGE, NEW YORK MARINE AND
GENERAL INSURANCE
COMPANY, and FRANCO SETH
ALEJANDRO

FILED: _____ FEB 0 9 2022 _____

14TH JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

*Jenpert Wyatt*

DEPUTY CLERK

---

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

TO:   Honorable Lynn Jones, II
      Clerk of Court
      P. O. Box 1030
      Lake Charles, LA  70602

In accordance with the provisions of LSA-C.C.P. Articles 1571 and 1572, you are hereby

requested to give the undersigned, as counsel for Petitioner, **GLENNIA TATYANA MARIE**

**JOHNSON**, in the above-captioned matter, written notice, by mail, ten (10) days in advance of

any date fixed for trial or hearing of the case, whether on exception, rules or the merits thereof.

In accordance with the provisions of LSA-C.C.P. Articles 1914 and 1915, you are hereby

additionally requested to send us immediate notice of any order or judgment made or rendered in

this case on the entry of such order or judgment.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, L.L.C.**

By:  _____
     **N. CRAIG RICHARDSON**, Bar Roll #23274
     P. O. Box 2065
     Lake Charles, Louisiana 70602-2065
     (337) 433-0234: Telephone
     (337) 433-8595: Facsimile
     ncr@rmwlegal.com

GLENNIA TATYANA MARIE
JOHNSON

VS. NO. 2022-5125

WISCH MOTORS INC. D/B/A
BAYSHORE CHRYSLER JEEP
DODGE, NEW YORK MARINE AND
GENERAL INSURANCE
COMPANY, and FRANCO SETH
ALEJANDRO

FILED: ____FEB 0 9 2022____

14TH JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

_Tempest Wyatt_
_____
DEPUTY CLERK

## ORDER

Considering the foregoing Petition:

**IT IS ORDERED THAT** the attached Requests for Admissions, Interrogatories, and Requests for Production of Documents be made a part hereof, filed of record, and served upon the Defendants simultaneously with the Petition for Damages.

**IT IS FURTHER ORDERED THAT** each Defendant produce the information and documents requested within the time delays provided by law.

**THUS DONE** in Shreveport, Louisiana this __9th__ day of __February__, 2022.

_s/Robert L Wyatt_
_____
DISTRICT JUDGE
Judge Robert L Wyatt

GLENNIA TATYANA MARIE                    14th JUDICIAL DISTRICT  COURT
JOHNSON

VERSUS NO. 2022- 509P                    PARISH OF CALCASIEU

WISCH MOTORS INC. D/B/A                  STATE OF LOUISIANA
BAYSHORE CHRYSLER JEEP
DODGE, NEW YORK MARINE AND
GENERAL INSURANCE
COMPANY, and FRANCO SETH
ALEJANDRO
                        FEB 0 9 2022
FILED: _____          _Jenpust  Wyatt_____
                                         DEPUTY CLERK OF COURT


### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WISCH MOTORS INC. D/B/A BAYSHORE CHYSLER JEEP DODGE

To:   **WISCH MOTORS INC. D/B/A BAYSHORE CHRYSLER JEEP DODGE**
      Through its President/CEO
      Darryl L. Wischnewsky
      5225 East Fwy Ste 10E
      Baytown, TX 77521

### DIRECTIONS

1.  Each request must be answered independently and not by reference to documents or other responses.

2.  Each response should be preceded by the relevant request.

3.  With respect to requests for inspection, the response shall state a time and place for the inspection and related activities.

4.  You are required by Article 1428 of the Louisiana Code of Civil Procedure to supplement your response to any question directly addressed to the identity and location of persons having knowledge of discoverable materials/matters, and the identity of each person expected to be called as an expert witnesses at trial, the subject matter on which he is expected to testify, and the substance of his testimony. You are also required to amend a prior response if you learn the response was incorrect when made or you know the response is no longer true and a failure to amend the response is in substance a knowing concealment.

5.  Unless otherwise noted, each discovery request encompasses all information known to you at any time.

6.  If you claim any privilege, the law requires that you provide all information necessary for an evaluation by the Court of the privilege claim. The information must be sufficient to allow presentation of the claim to the Conn Lo contest the claim or to urge any waiver of the privilege. The information must include the identity of all documents, all oral statements, and communications.

7.  These discovery requests are continuing in nature. If further information or documents come into your possession, or are brought to your attention or that of your agents, employees, officers, directors, representatives, or attorneys before or during trial, then supplementation of your responses is required by law.

-1-

8. The terms *"you," "your,"* or *"defendant"* mean the entity to whom these discovery requests are directed, your affiliates and their parent(s), merged, consolidated, or acquired predecessors, divisions, subsidiaries and affiliates, wholly or partially owned or controlled, including present officers, directors, agents, employees, and all other persons acting or purporting to act on your behalf or your affiliates or predecessors, subsidiaries and affiliates. These words also include all agents, employees, representatives, attorneys, and all other persons acting on your behalf.

9. The term *"document"* includes every document that, in any manner or form, are relevant in any way to the requested information, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss the requested information. "Document" includes papers, books, accounts, drawings, graphs, charts, photographs, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical recordings, e-mail, and any other data compilation or electronically stored files from which information can be obtained· or translated in to useable form.

10. You should produce every document in your possession, custody, or control, or that can be obtained by you through the exercise of a superior right to compel production from a third party. If there is more than one version of a document, you must produce every version (whether different from the original by virtue of notes made or otherwise).

11. Use of the term *"identify"* or the term *"identity"* in any of their forms in the Interrogatories shall require you to provide:

   a) With respect to a person, including an expert, the person's full name, employer, present business address, present residence address (last known business and residence addresses if the present addresses are unknown), eel I phone number, borne phone number, and business phone number.

   b) With respect to a business entity, the full name of the business entity and the present address of its principal place of business.

   c) With respect to a document, I.be title, date, and the identity of all known custodian(s). All documents shall be so identified regardless of whether the document is in your possession, custody, or control and regardless of whether the document is claimed to be privileged.

   d) With respect to a photograph, video, or audio recording of any type, the date and place the media was captured, a description of the contents, and the identity of the person in possession of the visual or audio record.

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NO. 1:

Admit or deny that Franco Seth Alejandro was employed by you at the time of the subject collision and was "on the job" conducting duties and was acting within the course and scope of his employment with you.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit or deny that at the time of the subject collision you had in full force and effect a policy of liability insurance which provided coverage to Franco Seth Alejandro.

<strong>INTERROGATORIES</strong>

**INTERROGATORY NO. 1:**

Please identify those persons answering, contributing to answer or contacted regarding answering plaintiffs' Request for Admissions, Interrogatories, and/or Request for Production of Documents.

**INTERROGATORY NO. 2:**

Please identify all persons from whom you have received factual information in investigating this matter or otherwise known to you to have information regarding the subject collision.

**INTERROGATORY NO. 3:**

If an investigation was performed in connection with the subject collision, state the name(s), address(es), telephone number(s), employer(s), employer's address(s), and employer's telephone number(s) of all of persons who had any connection with the investigation.

**INTERROGATORY NO. 4:**

If any statements were taken with regard to the subject collision, state the name(s), address(es), telephone number(s), employer(s), employer's address(s), employer's telephone number(s), date and time the statement was taken, place where the statement was taken, and the name(s), address(es), telephone number(s), employer(s), employer's address(s), and employer's telephone number(s) of the person taking the statement.

**INTERROGATORY NO. 5:**

With respect to all policies of insurance or indemnity which arguably extend coverage for the injuries suffered by the plaintiff in the subject collision, list the name(s), address(s), and telephone number(s) of all insureds listed on the policy, the policy or contract number, the monetary limits of coverage, and the exact name(s) of all insurers listed on the policy.

**INTERROGATORY NO. 6:**

If you have obtained information concerning any past or present claims of any nature asserted by the plaintiff, state the name(s), address(es), and telephone number(s) of all persons or entities contacted in connection with the investigation.

-3-

**INTERROGATORY NO. 7:**

If you are asserting or claiming that, because of the facts and circumstances of the plaintiff's claims, the insurance policy contemplated by you in your response to Interrogatory number 5 does not provide coverage, specify the theory of your "coverage defense" by stating exactly which facts/circumstances you are relying on to assert your coverage defense, the specific provisions of the contract of insurance which you are relying on to assert your coverage defense, whether you are representing your client under a "reservation of rights" and the specific provision of Louisiana law on which you are relying to assert your coverage defense.

**INTERROGATORY NO. 8:**

If you are in possession of or have knowledge of any physical evidence which in any way relates to, regards, references, or is contemplated by the facts contained in the plaintiff's claim for damages, describe each piece of physical evidence, the nomenclature used to describe the thing, the present location of the thing, the owner or custodian of the thing, and any other facts relevant to the disposition of the thing.

**INTERROGATORY NO.9:**

Please identify all expert witnesses that you have hired, employed, sought advice from, consulted with, and/or conversed with, the dates of any contact with said person(s), the substance of the contact with the person(s), the purpose of the contact with the person(s), whether or not the person(s) was consulted, contacted, hired or otherwise associated with in anticipation of litigation.

**INTERROGATORY NO. 10:**

Please identify all witnesses you may or will call at the trial of this matter, including a brief description of their occupation, their knowledge relative to this case, the subject matter of their testimony and any expertise they may possess.

**INTERROGATORY NO. 11:**

Please give a reasonable description of all exhibits you may or will introduce at the trial of this matter, including the custodian of said exhibits.

**INTERROGATORY NO. 12:**

Please identify any known maps, plans, drawings, photographs, movies, videotapes or other documents relating to the subject collision and/or of the plaintiff, Glennia Tatyana Marie Johnson and her activities, whether they were in existence prior to or made subsequent to the happenings

complained of, showing the locale and surrounding area of the site of the subject collision, or any equipment, machinery or any other matter or thing involved in the subject collision or this lawsuit.

## INTERROGATORY NO. 13:

Do you have any information that plaintiff, Glennia Tatyana Marie Johnson, made any admission or declaration against interest, which in any way would tend to place fault regarding the subject collision upon her? If so, please state:

a.  The time and place when such admission or declaration was made;

b.  The substance of the admission or the declaration;

c.  Identify the persons to whom such admission or declaration was made.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents or other physical items in any way relating to this action, including without limitation any and all photographs, video tapes, recordings (including film, digital imaging, manual, chemical, electrical, electromagnetic, and any other reproducible means) involving, concerning, or depicting plaintiff(s), and any person who treated, examined, tested, or otherwise rendered assistance to plaintiff(s), the scene of any alleged injury or any other thing in any way related to this action.

### REQUEST FOR PRODUCTION NO. 2:

The curriculum vitae of any expert which you have consulted or retained in connection with the Accident or the instant suit.

### REQUEST FOR PRODUCTION NO. 3:

Any statements, recorded or written, taken of any witnesses, any party, and/or any other persons in connection with the Accident.

### REQUEST FOR PRODUCTION NO. 4:

Any contract or policy of insurance which may be applicable to the subject collision, including all attachments, declarations of monetary amounts of coverage, endorsements, and supplements.

### REQUEST FOR PRODUCTION NO. 5:

Any and all reports concerning any and all past or present claims of any nature asserted by plaintiff in your possession or control, along with any and all amendments or supplements thereto.

**REQUEST FOR PRODUCTION NO. 6:**

Any statements, recorded or written, any surveillance film, video film, photographs, tape recordings, or any other documentation of any activities of the plaintiff at any time and any place between September 16, 2021, and the present time.

**REQUEST FOR PRODUCTION NO. 7:**

Any report and accompanying exhibits prepared in connection with the subject collision, including but not limited to accident reports, incident reports, report of injuries, or manager's reports.

**REQUEST FOR PRODUCTION NO. 8:**

Any document evidencing any damage estimate, repair bill or payment made for repair on any of the vehicles involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all photographs of the vehicles involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 10:**

Any records obtained, whether prior or subsequent to the subject collision, including, but not limited to medical, employment, social security, military, school, or any other records obtained regarding plaintiff.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all impeachment evidence you reasonably anticipate offering at trial, including but not limited to, documents, court opinions, articles, pleadings, prior statements, prior inconsistent statements or admissions, expert reports, depositions, policies or procedures.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents identified in your Answers to Interrogatories.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents or tangible items to which you referred in responding to the interrogatories propounded to you.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents intended to be introduced at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 15:**

Any other document or other physical evidence of any nature which you at any time contend is relevant to any of the issues involved in plaintiff's claims in this matter.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK
& RICHARDSON, L.L.C.**

By: _____

**N. CRAIG RICHARDSON, Bar Roll #23274**
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, Louisiana 70602-2065
(337) 433-0234 : Telephone
(337) 433-1274 : Facsimile

**PLEASE SERVE, WITH THE PETITION FOR DAMAGES:**

**WISCH MOTORS INC. D/B/A BAYSHORE CHRYSLER JEEP DODGE**
Through its President/CEO
Darryl L. Wischnewsky
5225 East Fwy Ste 10E
Baytown, TX 77521

GLENNIA TATYANA
MARIE JOHNSON

VS. NO. 2022- 500A

WISCH MOTORS INC.
D/B/A BAYSHORE
CHRYSLER JEEP DODGE,
NEW YORK MARINE AND
GENERAL INSURANCE
COMPANY, and FRANCO
SETH ALEJANDRO

FEB 0 9 2022

FILED:_____

14th JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

_Import Wyatt_
DEPUTY CLERK

---

## FIRST UNIFIED DISCOVERY REQUEST TO DEFENDANT
## NEW YORK MARINE AND GENERAL INSURANCE COMPANY

To:   NEW YORK MARINE AND GENERAL INSURANCE COMPANY
      Through its Agent for Service of Process:
      Louisiana Secretary of State
      8585 Archives Avenue
      Baton Rouge, LA 70809

### DIRECTIONS

1. Each request must be answered independently and not by reference to documents or other responses.

2. Each response should be preceded by the relevant request.

3. With respect to requests for inspection, the response shall state a time and place for the inspection and related activities.

4. You are required by Article 1428 of the Louisiana Code of Civil Procedure to supplement your response to any question directly addressed to the identity and location of persons having knowledge of discoverable materials/matters, and the identity of each person expected to be called as an expert witnesses at trial, the subject matter on which he is expected to testify, and the substance of his testimony. You are also required to amend a prior response if you learn the response was incorrect when made or you know the response is no longer true and a failure to amend the response is in substance a knowing concealment.

5. Unless otherwise noted, each discovery request encompasses all information known to you at any time.

6. If you claim any privilege, the law requires that you provide all information necessary for an evaluation by the Court of the privilege claim. The information must be sufficient to allow presentation of the claim to the Conn Lo contest the claim or to urge any waiver of the privilege. The information must include the identity of all documents, all oral statements, and communications.

7. These discovery requests are continuing in nature. If further information or documents come into your possession, or are brought to your attention or that of your agents, employees, officers, directors, representatives, or attorneys before or during trial, then supplementation of your responses is required by law.

8. The terms _"you," "your,"_ or _"defendant"_ mean the entity to whom these discovery requests are directed, your affiliates and their parent(s), merged, consolidated, or acquired predecessors, divisions, subsidiaries and affiliates, wholly or partially

owned or controlled, including present officers, directors, agents, employees, and all other persons acting or purporting to act on your behalf or your affiliates or predecessors, subsidiaries and affiliates. These words also include all agents, employees, representatives, attorneys, and all other persons acting on your behalf.

9. The term *"document"* includes every document that, in any manner or form, are relevant in any way to the requested information, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss the requested information. "Document" includes papers, books, accounts, drawings, graphs, charts, photographs, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical recordings, e-mail, and any other data compilation or electronically stored files from which information can be obtained or translated in to useable form.

10. You should produce every document in your possession, custody, or control, or that can be obtained by you through the exercise of a superior right to compel production from a third party. If there is more than one version of a document, you must produce every version (whether different from the original by virtue of notes made or otherwise).

11. Use of the term *"identify"* or the term *"identity"* in any of their forms in the Interrogatories shall require you to provide:

   a) With respect to a person, including an expert, the person's full name, employer, present business address, present residence address (last known business and residence addresses if the present addresses are unknown), eel I phone number, borne phone number, and business phone number.

   b) With respect to a business entity, the full name of the business entity and the present address of its principal place of business.

   c) With respect to a document, I.be title, date, and the identity of all known custodian(s). All documents shall be so identified regardless of whether the document is in your possession, custody, or control and regardless of whether the document is claimed to be privileged.

   d) With respect to a photograph, video, or audio recording of any type, the date and place the media was captured, a description of the contents, and the identity of the person in possession of the visual or audio record.

## 1. INTERROGATORY

Please state the name and relationship to you of every person who assisted in preparing the answers to these discovery requests, or who furnished information or documentation used in preparing the answers to these discovery requests. The Louisiana Third Circuit has affirmed the Judicial District Court's ruling requiring that this exact interrogatory be answered fully. *L.M. Daigle Oil Distributors, Inc. v. Navistar, Inc.*, CW12-01199, (La.App. 3 Cir. 10/17/12) (not published). Writs were denied by the Louisiana Supreme Court. *L.M. Daigle Oil Distributors, Inc. v. Navistar, Inc.*, 2013-CC-0492 (La. 4/12/13), 111 So.3d 1012.

## 2. INTERROGATORY

Please provide the complete names, addresses, and telephone numbers of any and all person(s) who may have knowledge from any source whatsoever of the claims and allegations made by any party to this lawsuit (liability and damages). For each person identified, provide:

   a) Full name;

   b) Phone number;

c) Address;

d) Current employer;

e) Email; and

f) A short statement explaining the substance and source of their knowledge.

Your response should include, but not be limited to, the following people. The following bullet points are meant as a non-exclusive guideline and description of the witnesses you are requested to identify and are not subparts and should not be answered as subparts:

- Eye witnesses to the incident;
- Persons you may call as witnesses;
- People you will call as witnesses;
- Persons you may depose;
- People you have interviewed;
- People who have given statements regarding the incident;
- Employees of any defendant with relevant knowledge;
- Law enforcement officers;
- Damage witnesses;
- Medical providers;
- Investigators;
- Supervisors;
- Co-employees;
- Experts;
- Character witnesses;
- Organizational representatives;
- Persons conducting surveillance;
- Persons you will assert are impeachment witnesses;
- Persons who obtained, recorded, or witnessed any person giving a statement about this incident;
- Persons who visited the accident scene on the day of the crash/incident/injury;
- Persons who visited the accident scene at any time subsequent to the crash/incident/injury, and in connection with said crash/incident/injury; and
- Persons who performed any sort of formal or informal investigation into the facts said crash/incident/injury.

## 3. REQUEST FOR PRODUCTION

You are requested to respond to each subpart below as a separate Request for Production. For any document requested below that is within your control that you are not producing, please state the reason.

a) Any photographs (color prints), moving pictures, audio recordings, video tapes, or other visual records of any kind which have been taken in connection with the incident which is the basis of this lawsuit. For each item to be produced, if the original format was digital, please provide a digital copy, either by sending the digital file as an email attachment or providing the digital file as recorded on a CD/DVD disc;

b) Any photographs (color prints), moving pictures, audio recordings, video tapes, or other visual records of any kind you may seek to introduce at trial. For each item to be produced, if the original format was digital, please provide a digital copy, either sending the digital file as an email attachment or providing the digital file as recorded on a CD/DVD disc;

c) A copy of each document that you may introduce at the trial on the merits;

d) Complete unedited copy of all video, surveillance, and/or photographs of

Plaintiff(s) from any time and from any source. Additionally, please produce all logs (complete), raw footage in electronic form, bills, invoices, business cards, and a copy of your private investigator's license;

e) All correspondence sent to or from any party to this lawsuit regarding this incident in any way, including those in electronic form;

f) All documents, pictures, and videos downloaded from any party's or witness's social media account that you may ever seek to introduce, discuss, or reference at any hearing, deposition, or trial in this matter;

g) All accident/incident/crash reports in your care, custody, or control that reflect an investigation of this matter by any governing agency;

h) A complete copy of every recorded statement in every format in your care, custody, or control which relates in any way to the incident described in this lawsuit;

i) All investigation reports regarding this matter by you or on your behalf which are in your care, custody, or control;

j) Certified, complete, and legible copy of every insurance policy (including umbrella and excess coverage) that may provide coverage for Plaintiff(s)' claims, including all declaration pages, endorsements, exclusions, and waivers. You are required to disclose the existence of all applicable policies, even if you believe underlying/primary policies of insurance provide sufficient coverage. You are required to disclose the existence of all applicable policies, even if you believe there is an applicable exclusion or some other problem with coverage. Plaintiff(s) request all policies in force on the date of the incident where the involved parties are named or defined as Insureds. If you do not have a copy, provide the named Insured, Insurer, and policy number;

k) Reservation of Rights letters sent by any insurer in regards to this case;

l) All drawings, maps, or sketches of the scene of the incident;

m) Exhibits you may attach to any deposition or attempt to introduce into evidence at trial or use as a demonstrative exhibit;

n) All documents in your care, custody, and/or control which pertain to the incident at issue not otherwise produced in response to other requests, whether you plan to use the document as a trial exhibit or not;

o) All medical and employment records in your possession which pertain to any party;

p) All reports, notes, photographs or documents in your possession or under your control obtained from any government agency or police department, or from any employee thereof, pertaining to the occurrence in question;

q) A complete copy of any document or electronically stored information that reflects notice to any insurance company regarding this claim;

r) Each and every magazine, periodical, book, on-line resource, and other document that you may use at trial as reliable authority pursuant to Louisiana Code of Evidence Article 803(18); and

s) Any and all documents, material and electronically stored information that you are aware of which pertains in any way to the claims and allegations made by any party to this lawsuit (liability and damages).

If you have destroyed any material or document requested above, state the date of destruction

of each such document, identify the person who destroyed same, the reason for its destruction, and the person ordering such action.

## 4. INTERROGATORY

Other than the evidence produced or identified above, please describe in detail all documents, material, and electronically stored information you are aware of that relate to the claims and allegations made by any party to this lawsuit (liability and damages). Please describe the evidence date, content, and originator, and state the name and address of the person you believe has possession of the evidence.

## 5. INTERROGATORY

If you plan to use or elicit any evidence of criminal arrest and/or conviction in any deposition, hearing, or trial, please identify the subject, nature of the arrest charge, disposition, date of disposition, and jurisdiction.

## 6. INTERROGATORY

Please provide the complete names, addresses, and telephone numbers of any and all person(s) or entities not currently named as plaintiffs or defendants which you may ever assert are at fault for the incident made the subject of this lawsuit or any damages allegedly resulting therefrom. For each person and entity identified, describe **what you will assert each did that was negligent, wrong, or improper, and how you will assert any such actions. or inactions caused or contributed to the incident or damages in question.**

## 7. INTERROGATORY

Will you admit that any named defendant (including you) did anything wrong, negligent, or improper (or failed to do), which caused or contributed to the incident in question? Please describe what you admit each did that was negligent, wrong, or improper, and how any such actions or inactions caused or contributed to the incident in question or to the damages to any person or property.

## 8. INTERROGATORY

If you have knowledge of an admission against interest by an opposing party (any plaintiff or defendant) not made in a legal document, deposition, or contained in material previously exchanged by the parties, please describe the substance of each admission made, identify the person(s) who made the admission, and identify all other persons present.

## 9. REQUEST FOR PRODUCTION

Please produce any and all documents reflecting your total assets, liabilities, cash accounts, location of all bank accounts, location of all credit accounts, and your yearly earnings for the last five (5) years. You may elect not to answer this Request for Production by agreeing that you will never raise, mention, or allude to an inability to pay a judgment at any deposition or trial of this matter. *See Guy v. Tonglet*, 379 So. 2d 744, 747 (La. 1980). Please indicate your agreement by responding "agreed" or provide the requested documents.

## 10. INTERROGATORY

State the date you anticipated litigation and identify all information on which your belief was based

## 11. INTERROGATORY

Describe in detail all conversations you have had with the Plaintiff, or with Plaintiff's representative, following the collision in question.

## 12. INTERROGATORY

Have you made an agreement with anyone that would alter/limit a party's liability, require indemnification, or alter/limit your liability/financial responsibility to anyone in this case? If so, please state the terms of each such agreement and identify the parties to each agreement.

## 13. REQUEST FOR PRODUCTION

Please produce a copy of each such agreement identified above.

## 14. REQUEST FOR PRODUCTION

Please produce any evidence in your possession that you have paid for any medical charges whether those of the plaintiff, any defendant, or any other person who claims to have been injured as a result of the accident. Please provide the amounts paid, to whom they were paid, and the dates on which they were paid. .

## 15. REQUEST FOR ADMISSION

Please admit that you are in possession of, or are aware of, audio recorded statements regarding the incident made the subject of this lawsuit.

## 16. REQUEST FOR ADMISSION

Please admit that you are in possession of, or are aware of, video recorded statements regarding the incident made the subject of this lawsuit.

## 17. REQUEST FOR ADMISSION

Please admit that you are in possession of, or are aware of, transcribed statements regarding the incident made the subject of this lawsuit.

## 18. REQUEST FOR ADMISSION

Please admit that you are in possession of, or are aware of, handwritten recorded statements regarding the incident made the subject of this lawsuit.

## 19. INTERROGATORY

Please identify each and every expert which you have retained for purposes of testifying at trial, including each witness's:

    a) Name and address;

    b) Specialty and/or field of expertise\

    c) Each medical text, journal article, professional treatise or other publication upon which each expert may rely, including the complete name and date of the publication; and

    d) The full caption of any case in which you or your attorney(s) previously hired the expert(s) identified above. Alternatively, you may produce a pleading from the case showing the caption.

## 20. REQUEST FOR PRODUCTION

For each expert identified above, please produce the following:

a) A report that meets the requirements of LSA-C.C.P. art. 1425(B);

b) Copy of all other reports (excluding drafts) and other documents related to this case which were generated by each expert and which set forth the opinions of the expert;

c) A current resume or curriculum vitae;

d) A list of all publications authored or contributed to by each expert within the preceding ten(10) years;

e) Listing of any other cases in which he/she has testified as an expert at trial or by deposition within the previous four(4) years;

f) Copies of all billings, invoices, or statements for work done in this case;

g) All materials in this case (documents, photographs, etc.) provided and/or reviewed by each expert;

h) Copy of all documents, photographs (original digital files), videos, computer simulations, field notes, measurements, sketches, drawings, factual observations, tests, and supporting data prepared by or for the benefit of each expert witness;

i) Copy of each document you may use at trial to support each expert(s)' opinions, including but not limited to treatises, manuals, reports, studies, books, trade journals, or other publications of any kind or character; and

j) Copies of all rules, regulations, or professional standards considered or relied on by each expert in rendering his/her opinions in this lawsuit.

## 21. INTERROGATORY

Please identify any act or omission which you may contend at trial constitutes a failure by Plaintiff(s) to mitigate damages.

## 22. REQUEST FOR ADMISSION

Please admit you have, or someone on your behalf has, conducted surveillance of a Plaintiff in the above-captioned matter.

## 23. REQUEST FOR PRODUCTION

Produce all documents in your possession obtained through the use of an authorization executed by Plaintiff.

## 24. REQUEST FOR PRODUCTION

Produce all documents in your possession obtained through subpoena in this matter.

## 25. REQUEST FOR PRODUCTION

Please produce a copy of all documents used or referenced to answer Plaintiff(s)' Interrogatories not produced elsewhere.

## 26. REQUEST FOR PRODUCTION OF PRIVILEGE LOG

Without revealing privileged information, identify any statements, information, and/or documents known to you and requested by any of the foregoing Discovery Requests which you claim to be work product or subject to any privilege. With respect to each such item, specify the legal basis

for the claim as required by the Louisiana Code of Civil Procedure.

## 27. REQUEST FOR PRODUCTION

Please produce the attached discovery verification form signed by your organization's representative, other than an attorney of record.

## 28. REQUEST FOR ADMISSION:

Please admit that all of the documents produced in response to these discovery requests are genuine, and authentic, true copies of the originals.

Plaintiff(s) serves this request for admission in hopes of reducing the issues between the parties and hopes that you will stipulate to the genuineness of any document you do not have serious reason to question.

Louisiana Code of Civil Procedure article 1466 states, "a party may serve upon any other party a written request for the admission... of the truth of any relevant matters of fact, including the genuineness of any documents...."

Article 1467 states, "the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter... when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder." It is our position that this provision requires you to specifically list which documents you will not admit are genuine.

Parties, sometimes respond to this request by stating they cannot verify the genuineness of a document because they did not create the document. Article 1467 also states: "an answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is sufficient to enable him to admit or deny."

## 29. INTERROGATORY

Please state and give complete details regarding any and all claims that have been asserted against you and/or your insured for any damages arising from the subject accident. In your answer please provide the name of each claimant, the specific amounts paid by you on any such claims, whether or not any such claims have been settled, along with all corresponding dates on which the claims were asserted and/or settled.

## 30. REQUEST FOR PRODUCTION

Please produce copies of any and all insurance policies you issued which pertain to this accident in any way along the declarations pages for each such policy.

## 31. REQUEST FOR PRODUCTION

Please produce a full and complete copy of your entire claims file relating to this accident. If you will assert any privileges in response hereto as to any documents contained in such file, please state the nature of that privilege, the grounds for it, and finally provide a full privilege log listing each document you believe is privileged. Any documents which are not listed on the log, should be produced.

## 32. INTERROGATORY:

Please provide Franco Seth Alejandro's complete name (including any and all aliases and/or nicknames), complete current physical and mailing address, telephone number, date of birth, and driver's license number.

## REQUEST FOR AMENDING AND SUPPLEMENTING RESPONSES

Please amend, supplement, and update your previous discovery responses according to the information you have now in accordance with Louisiana Code of Civil Procedure Article 1428(3), which states that a duty to supplement responses may be imposed at any time prior to trial through new requests for supplementation of prior responses. We make that request now.

Also, a reminder, Louisiana Code of Civil Procedure Article 1428 requires voluntary supplemental responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of expert witnesses (including the subject matter on which he/she is expected to testify and the substance of his/her testimony).

Additionally, Article 1428 requires voluntary supplemental responses if you obtain information that a previous response was incorrect when made, or if you know a previous response, though correct when made, is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

Louisiana District Court Rule 6.2 requires attorneys to cooperate with counsel and the court to reduce the costs of litigation and readily stipulate to all matters not in dispute.

Respectfully submitted,

ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, L.L.C.

By:

N. CRAIG RICHARDSON, Bar Roll #23274
1777 Ryan Street (70601)
P. O. Box 2065
Lake Charles, Louisiana 70602-2065
(337) 433-0234: Telephone
(337) 433-8595: Facsimile
ncr@rmwlegal.com

**PLEASE SERVE WITH THE PETITION FOR DAMAGES:**

**NEW YORK MARINE AND GENERAL INSURANCE COMPANY**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

GLENNIA TATYANA MARIE
JOHNSON

VS. NO. 2022- 502A

WISCH MOTORS INC. D/B/A
BAYSHORE CHRYSLER JEEP
DODGE, NEW YORK MARINE AND
GENERAL INSURANCE COMPANY,
and FRANCO SETH ALEJANDRO

FILED:_____FEB 0 3 2022_____

14TH JUDICIAL DISTRICT COURT

CALCASIEU PARISH

STATE OF LOUISIANA

*Jerpert Wyatt*
DEPUTY CLERK

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRANCO SETH ALEJANDRO

To:   **FRANCO SETH ALEJANDRO**
4534 Castleview Drive
Baytown, TX 77521

### DIRECTIONS

1. Each request must be answered independently and not by reference to documents or other responses.

2. Each response should be preceded by the relevant request.

3. With respect to requests for inspection, the response shall state a time and place for the inspection and related activities.

4. You are required by Article 1428 of the Louisiana Code of Civil Procedure to supplement your response to any question directly addressed to the identity and location of persons having knowledge of discoverable materials/matters, and the identity of each person expected to be called as an expert witnesses at trial, the subject matter on which he is expected to testify, and the substance of his testimony. You are also required to amend a prior response if you learn the response was incorrect when made or you know the response is no longer true and a failure to amend the response is in substance a knowing concealment.

5. Unless otherwise noted, each discovery request encompasses all information known to you at any time.

6. If you claim any privilege, the law requires that you provide all information necessary for an evaluation by the Court of the privilege claim. The information must be sufficient to allow presentation of the claim to the Conn Lo contest the claim or to urge any waiver of the privilege. The information must include the identity of all documents, all oral statements, and communications.

7. These discovery requests are continuing in nature. If further information or documents come into your possession, or are brought to your attention or that of your agents, employees, officers, directors, representatives, or attorneys before or during trial, then supplementation of your responses is required by law.

8. The terms *"you," "your,"* or *"defendant"* mean the entity to whom these discovery requests are directed, your affiliates and their parent(s), merged, consolidated, or acquired predecessors, divisions, subsidiaries and affiliates, wholly or partially owned or controlled, including present officers, directors, agents, employees, and all other persons acting or purporting to act on your behalf or your affiliates or predecessors, subsidiaries and affiliates. These words also include all agents, employees, representatives, attorneys, and all other persons acting on your behalf.

9. The term *"document"* includes every document that, in any manner or form, are relevant in any way to the requested information, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss the requested information. "Document" includes papers, books, accounts, drawings, graphs, charts, photographs, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical recordings, e-mail, and any other data compilation or electronically stored files from which information can be obtained· or translated in to useable form.

10. You should produce every document in your possession, custody, or control, or that can be obtained by you through the exercise of a superior right to compel production from a third party. If there is more than one version of a document, you must produce every version (whether different from the original by virtue of notes made or otherwise).

11. Use of the term *"identify"* or the term *"identity"* in any of their forms in the Interrogatories shall require you to provide:

   a) With respect to a person, including an expert, the person's full name, employer, present business address, present residence address (last known business and residence addresses if the present addresses are unknown), eel I phone number, borne phone number, and business phone number.

   b) With respect to a business entity, the full name of the business entity and the present address of its principal place of business.

   c) With respect to a document, I.be title, date, and the identity of all known custodian(s). All documents shall be so identified regardless of whether the document is in your possession, custody, or control and regardless of whether the document is claimed to be privileged.

   d) With respect to a photograph, video, or audio recording of any type, the date and place the media was captured, a description of the contents, and the identity of the person in possession of the visual or audio record.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NO. 1:

Admit or deny that you were talking, texting, or otherwise using a cellular phone, Blackberry, or other communications or electronic device at the time of the subject crash.

### REQUEST FOR ADMISSIONS NO. 2:

Admit or deny that you were employed by Wisch Motors Inc. d/b/a Bayshore Chrysler Jeep Dodge at the time of the subject crash.

### REQUEST FOR ADMISSIONS NO. 3:

Admit or deny that you on the job conducting duties and were acting within the course and scope of your employment at the time of the collision.

**REQUEST FOR ADMISSIONS NO. 4:**

Admit or deny that at the time of the subject crash you were driving a Dodge Charger in the right lane on Golden Nugget Boulevard/Avenue Lauberge in Lake Charles, Louisiana.

**REQUEST FOR ADMISSIONS NO. 5:**

Admit or deny that the Doge Charger being driven by you at the time of the subject crash was owned by Wisch Motors Inc. d/b/a Bayshore Chrysler Jeep Dodge.

**REQUEST FOR ADMISSIONS NO. 6:**

Admit or deny that you stopped your vehicle in the right lane of travel and then attempted to make a U-turn and ran your vehicle into the vehicle being driven by Plaintiff.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state your full name, including any and all maiden names, middle names, aliases, or nicknames, your age, your address, your telephone number, your occupation, the name of your employer, your marital status, and your spouse's name and occupation.

**INTERROGATORY NO. 2:**

Please identify any and all persons who have provided you with any factual information and/or assistance in answering these interrogatories.

**INTERROGATORY NO. 3:**

Please state:

a) The "classes" of each driver's licenses you have held (i.e. A, B, C, D, E, CDL etc.), the numbers of each, and state which license you were using on the date of the subject crash;
b) Whether any driver's licenses issued to you have ever been suspended or revoked, the reasons for, and the timeframe of each such revocation;
c) Whether any such revoked license was reinstated and the timeframe and reason for the reinstatement;
d) Whether the driver's license issued to you on the date of the subject crash contained any restrictions, and if so the nature of each such restriction?

**INTERROGATORY NO. 4:**

Please indicate where you were coming from and where you were going at the time of the subject crash.

**INTERROGATORY NO. 5:**

Please give a description of your occupation at the time of the subject crash.

**INTERROGATORY NO. 6:**

Were you performing any employment related duties at the time of the subject crash and on the day of the subject crash? If so, please explain what duties you were performing and for whom they were being performed. In your answer please provide the full name, telephone number, and address of any employer for whom you were working.

**INTERROGATORY NO. 7:**

At the time of the subject crash, if you were not the owner of the automobile that you were driving, please provide the name, address, and telephone number of the registered owner of the automobile, and please describe the circumstances that led to your driving the automobile, including, but not limited to, getting permission to drive the automobile, being given the keys to the automobile, and the reason for your driving the automobile.

**INTERROGATORY NO. 8:**

If at the time of the subject crash, you were the owner of any automobile, please state the year, make, and model of the automobile, the date the automobile was purchased, from whom it was purchased, the purchase price, the name of the liability insurer, the limits of liability insurance, and please attach a copy of the certificate of registration and a copy of the certificate of title.

**INTERROGATORY NO. 9:**

Please give a description of any and all damages to the vehicle that you were driving at the time of the subject crash, including, but not limited to, the nature and amount of any repairs needed or performed. Please include the name of all entities/persons giving such estimates on damages or making any such repairs.

**INTERROGATORY NO. 10:**

At the time of the subject crash, were you insured under any policy of liability insurance? If so, for each policy indicate the insurer, the type of policy, the policy number, the coverage amounts, the effective dates of coverage, and the name of the agent writing or issuing the policy.

**INTERROGATORY NO. 11:**

Please describe, as completely as possible, how the subject crash happened, stating the position of your vehicle with respect to the other vehicle(s) involved in the subject crash and the speed of your vehicle at all times material to the subject crash, specifically including the time of impact and whether your brakes were applied at the time of impact.

**INTERROGATORY NO. 12:**

Had you consumed any alcoholic beverage or any drug or medicines in the 24 hours preceding the subject crash? If so, indicate what substance was consumed or taken, when the substance was consumed or taken, and whether the substance was prescribed by a physician, and if so, by what physician and when.

**INTERROGATORY NO. 13:**

Describe in detail any bodily injuries you sustained as a result of the subject crash, if any.

**INTERROGATORY NO. 14:**

Did you speak to anyone at the scene of the subject crash following its occurrence? If so, please describe what you said, to whom, and what was said to you and by whom.

**INTERROGATORY NO. 15:**

If you were cited or charged with any traffic violation in connection with the subject crash, please indicate each charge and its disposition.

**INTERROGATORY NO. 16:**

Please identify and describe any actions you took in an attempt to avoid the subject crash.

**INTERROGATORY NO. 17:**

Please describe any motor vehicle (other than the vehicle that you were driving) that you believe played any part in the subject crash, giving the year, make, model, color, and ownership of each said vehicle at the time of the subject crash, and please describe the part that each such vehicle played in the subject crash.

**INTERROGATORY NO. 18:**

Please describe any glasses or contact lenses you were wearing at the time of the subject crash and describe any prescription for glasses/contact lenses you had at the time of the subject crash, naming the doctor prescribing them, the date prescribed, and the prescription.

**INTERROGATORY NO. 19:**

Please identify with name, address, and telephone number any person who you believe witnessed the subject crash, or who may have any knowledge and/or information regarding the facts and circumstances surrounding the subject crash.

**INTERROGATORY NO. 20:**

Have you ever received any traffic citations? If so, please state the date of each, the circumstances under which they were issued, and their disposition.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce duplicate originals or full-color copies of all photographs, videos, sketches, drawings, or diagrams in your possession that in any way relate to the subject crash.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of any and all statements that you have given or obtained from anyone else which in any way relate to the facts surrounding the subject crash or any investigation arising therefrom.

**REQUEST FOR PRODUCTION NO. 3:**

If at the time of the subject crash, you were the owner of any automobile, please produce a copy of the certificate of registration and a copy of the certificate of title.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce duplicate originals or full-color copies of all photos or videotapes in your possession that are related in any way to the plaintiffs.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any and all documents in your possession that are in any way related to the plaintiffs.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all damage estimates on the Dodge Charger that you were driving at the time of the subject crash.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide a copy of the front and back of your driver's license.

**REQUEST FOR PRODUCTION NO. 8:**

If at the time of the subject crash, you were the owner of any automobile, please produce a copy of any and all insurance policies providing insurance coverage to you or any such automobile you owned.

Respectfully submitted,

**ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, L.L.C.**

By: _____

**N. CRAIG RICHARDSON**, Bar Roll #23274
1777 Ryan Street (70601)

P. O. Box 2065
Lake Charles, Louisiana 70602-2065
(337) 433-0234: Telephone
(337) 433-8595: Facsimile
ncr@rmwlegal.com

<u>**PLEASE SERVE WITH THE PETITION FOR DAMAGES:**</u>

**FRANCO SETH ALEJANDRO**
4534 Castleview Drive
Baytown, TX 77521